# EXHIBIT 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| CASEY'S GENERAL STORES, INC.,<br><br>                                             Plaintiff,<br><br>-against-<br><br>ALIMENTATION COUCHE-TARD INC., ACT ACQUISITION SUB, INC.,<br><br>                                             Defendants. | **Civil Action No. 4:10-cv-265** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Casey's General Stores, Inc. ("Casey's" or "Plaintiff") requests that Defendants Alimentation Couche-Tard Inc. and ACT Acquisition Sub, Inc. (together, "Couche-Tard" or "Defendants") produce for inspection and copying at the offices of Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, New York 10019, the categories of documents and things identified in the following Request for the Production of Documents ("Document Requests") by July 9, 2010. The Document Requests shall be read in accordance with the definitions and instructions that follow.

## **DEFINITIONS**

1.  The term "Casey's" refers to Plaintiff Casey's General Stores, Inc..

2.  The terms "Couche-Tard", "Defendant", "you" and "your" refer to Defendants Alimentation Couche-Tard Inc. and ACT Acquisition Sub, Inc. and any of their predecessors, successors, parents, subsidiaries, siblings, partners, affiliates, divisions, officers, directors, agents, attorneys, employees, consultants or representatives.

3.  The terms "Casey's Shares" and "Shares" means Casey's common shares, ordinary shares, any option in such shares and any other type of security or instrument representing an equity or debt position in Casey's, including any shares traded under the ticker symbol CASY on the NASDAQ Stock Market and any derivative instrument the owner of which owns a beneficial or economic interest equivalent to an equity position in Casey's.

4.  The term "Tender Offer Statement" means the Offer to Purchase for Cash All Outstanding Shares of Common Stock (Including the Associated Preferred Stock Purchase Rights) of Casey's General Stores, Inc. at $36 Net Per Share by ACT Acquisition Sub, Inc., Exhibit (a)(1)(A) to Couche-Tard's Schedule TO (Rule 14d-100) Tender Offer Statement Under Section 14(d)(1) or 13(e)(1) of the Securities Exchange Act of 1934 ("Schedule TO"), filed with the Securities and Exchange Commission ("SEC") on June 2, 2010.

5.  The term "Tender Offer" means Couche-Tard's offer to purchase all outstanding Casey's Shares and Rights (as that term is defined in Couche-Tard's Tender Offer Statement) pursuant to the terms and conditions stated in Couche-Tard's Tender Offer Statement.

6.  The term "Offer Price" means the price at which Couche-Tard has offered to purchase Casey's Shares, i.e., $36.00 per Share.

7.  The term "Announcement" means the April 9, 2010 Press Release, "Alimentation Couche-Tard Proposes to Acquire Casey's General Stores for $36.00 Per Share in Cash",

included with Couche-Tard's Schedule TO (Rule 14d-100) Tender Offer Statement Under Section 14(d)(1) or 13(e)(1) of the Securities Exchange Act of 1934 ("Schedule TO-C"), filed with the SEC on April 9, 2009.

    8.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

    9.    The term "document" has the widest meaning accorded to it under Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all paper, film, tape, or other material upon which any verbal, graphic, or pictorial information or image may be written, printed, typed, drawn, punched, produced, or reproduced in any fashion including, but not limited to, all correspondence, memoranda, interoffice and intra-office communications, notes, agreements, contracts, charts, quotations, accounting records, audit work papers, worksheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgments, purchase orders, invoices, canceled and uncanceled checks or drafts, studies, records, reports, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, voicemail messages, photocopies and computer-sorted or computer-retrievable information, computer printouts, discs, tapes, e-mail and programs or other data compilations from which information can be obtained or translated into usable form.  This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments, or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary or preparatory material, from whatever source, underlying, supporting, or used in the preparation of any document.  A draft or nonidentical copy is a separate document within the meaning of this term.  "Document"

also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

10. "Describe in detail" means that you are requested to state and describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act, omission, event, date and/or legal contention pertaining to the matter(s) inquired of in the Interrogatories.

11. The term "identify" means:

(a) as applied to a natural person, to state the person's full name, title, present or last known address and telephone number, present or last known employer, and present or last known business address and telephone number;

(b) as applied to a business entity, to state the entity's full name and present or last known business address and telephone number;

(c) as applied to an oral communication, to state the time, date and place of such communication, whether it was in person or by some other means, the identity of each person who was present or who participated in such communication, and the substance of the communication; and

(d) as applied to a document, to state the type of document, the date of the document, the names of the individuals who drafted, authored or signed the document, the names of the individuals to whom the document or a copy thereof was addressed or sent, the substance of the document, the present whereabouts of the document, and the name and address of the custodian of the document.

12. The term "including" means including but not limited to.

13. The term "person" means any natural person or any business, legal, governmental, or nongovernmental entity, association, or organization.

14. The terms "all" and "each" shall be construed as all and each.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

16. The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgement on the part of Casey's that such definition is accurate, meaningful or appropriate for any other purpose in this action.

## **RELEVANT TIME PERIOD**

The Relevant Time Period, unless otherwise indicated, shall be from July 10, 2009 to the present, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to or subsequent to that period.

## INSTRUCTIONS FOR DOCUMENT REQUESTS

1. Each document request shall be construed independently and not with reference to any other document request (whether contained herein or in a later served document request) for the purpose of limitation or exclusion.

2. If you object to any document request, please state with specificity the grounds for each such objection.

3. Whenever necessary to bring within the scope of any document request documents that might otherwise be construed to be outside the scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses, and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

4. These document requests call for the production of responsive documents in your possession, custody or control, including but not limited to any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

5. If a responsive document is no longer in your possession, custody or control, state: its date, author(s), recipient(s), subject matter, when the document was most recently in your possession, custody or control, and the person, organization or entity presently in possession, custody or control of such document. If a responsive document has been destroyed, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed and the reason for its destruction.

6. All document requests should be construed to include responsive documents from all sources whether located in the United States or abroad.

7. Each requested document shall be produced in its entirety. If an identical copy appears in more than one person's files, each of the copies shall be produced. If a document

responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

8. Each responsive document shall be produced as it is kept in the usual course of business, including with its original file folder with all markings intact, or organized and labeled to correspond to the categories identified in these requests.

9. With respect to each responsive document called for by these document requests and withheld under a claim of privilege or otherwise, state separately for each document withheld:

    (a) the nature of the privilege or immunity that is being claimed;

    (b) the type of document;

    (c) the general subject matter of the document;

    (d) the date of the document;

    (e) the custodian from whose possession the document is being produced;

    (f) the author(s) of the document;

    (g) the addressee(s) and/or recipient(s) of the document; and

    (h) where not apparent, the relationship of the author(s) and addressee(s) to each other.

10. If there are no documents responsive to any of the following document requests, please provide a written response so stating.

11. Each of the requests is continuing in nature so as to require the filing of supplemental answers and responses without further request, should additional or different information, assumptions, names of persons, facts, conclusions, opinions or contentions become available to the party to whom these requests are directed.

## DOCUMENT REQUESTS

1. All documents concerning, referring or relating to any purchases made by Couche-Tard of Casey's Shares between September 1, 2009 and April 9, 2010.

2. All documents concerning, referring or relating to the following transaction(s), described as follows on page 31 of Couche-Tard's Tender Offer Statement, including all documents concerning the timing of the transaction(s) and Couche-Tard's purpose(s) for consummating the transaction(s): "On April 9, 2010, Couche-Tard sold 1,975,00 Shares at a price of $38.43 per Share in an open market sale, which includes Shares which were purchased prior to April 1, 2010."

3. All documents concerning any plan, strategy or course of action designed, intended or considered likely to affect, influence or manipulate the market price of Casey's Shares, whether or not actually undertaken.

4. All documents concerning, referring or relating to the intended, predicted, expected or actual short-term or long-term effect of Couche-Tard's Announcement -- or any other communications relating to the commencement of a tender offer for Casey's Shares -- on the market price for Casey's Shares.

5. All documents referring or relating to the possibility of Couche-Tard not making, not following through with or not completing the tender offer.

6. All documents referring or relating to Couche-Tard's means or ability to purchase securities to complete the tender offer.

7. All documents that have been or will be produced to any United States or Canadian government agency in response to any document request or subpoena concerning the

Announcement, Couche-Tard's April 9 sale of Casey's Shares, the Tender Offer, the Tender Offer Statement or any other topic referenced in the complaint in the above-captioned matter.

June 18, 2010

                                             Edward W. Remsburg (AT0006511)
                                             AHLERS & COONEY, P.C.
                                             100 Court Avenue, Suite 600
                                             Des Moines, Iowa 50309-2231
                                             Telephone:  515/243-7611
                                             Facsimile:  515/243-2149
                                             E-mail: eremsburg@ahlerslaw.com

                                             Robert H. Baron
                                             J. Wes Earnhardt
                                             Cravath, Swaine & Moore LLP
                                             Worldwide Plaza
                                             825 Eighth Avenue
                                             New York, NY 10019
                                             Telephone:  (212) 474-1422
                                             Facsimile:  (212) 474-3700
                                             Email:  rbaron@cravath.com
                                                            wearnhardt@cravath.com

To:

Jay Eaton
700 Walnut, Suite 1600
Des Moines, IA 50309-3899
Phone: (515) 283-3158
Fax: (515) 283-3108
je@nyemaster.com

**CERTIFICATE OF SERVICE**

**The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on _____.**

**By**    ☐ **U.S. Mail**         ☐ **Fax**

        ☐ **Hand Delivery**    ☐ **Private Carrier**

        ☐ **Electronically through CM-ECF / Email**

**Signature**_____