# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| CASEY'S GENERAL STORES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ALIMENTATION COUCHE-TARD INC., ACT ACQUISITION SUB, INC., <br><br> Defendants. | **Civil Action No. 4:10-cv-265** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Casey's General Stores, Inc. ("Casey's" or "Plaintiff") requests that Defendants Alimentation Couche-Tard Inc. and ACT Acquisition Sub, Inc. (together, "Couche-Tard" or "Defendants") answer the following Interrogatories in writing, separately, fully and with sworn verification by July 9, 2010. The Interrogatories shall be read in accordance with the definitions and instructions that follow.

## **DEFINITIONS**

1. The term "Casey's" refers to Plaintiff Casey's General Stores, Inc..

2. The terms "Couche-Tard", "Defendant", "you" and "your" refer to Defendants Alimentation Couche-Tard Inc. and ACT Acquisition Sub, Inc. and any of their predecessors, successors, parents, subsidiaries, siblings, partners, affiliates, divisions, officers, directors, agents, attorneys, employees, consultants or representatives.

3. The terms "Casey's Shares" and "Shares" means Casey's common shares, ordinary shares, any option in such shares and any other type of security or instrument representing an equity or debt position in Casey's, including any shares traded under the ticker symbol CASY on the NASDAQ Stock Market and any derivative instrument the owner of which owns a beneficial or economic interest equivalent to an equity position in Casey's.

4. The term "Tender Offer Statement" means the Offer to Purchase for Cash All Outstanding Shares of Common Stock (Including the Associated Preferred Stock Purchase Rights) of Casey's General Stores, Inc. at $36 Net Per Share by ACT Acquisition Sub, Inc., Exhibit (a)(1)(A) to Couche-Tard's Schedule TO (Rule 14d-100) Tender Offer Statement Under Section 14(d)(1) or 13(e)(1) of the Securities Exchange Act of 1934 ("Schedule TO"), filed with the Securities and Exchange Commission ("SEC") on June 2, 2010.

5. The term "Tender Offer" means Couche-Tard's offer to purchase all outstanding Casey's Shares and Rights (as that term is defined in Couche-Tard's Tender Offer Statement) pursuant to the terms and conditions stated in Couche-Tard's Tender Offer Statement.

6. The term "Offer Price" means the price at which Couche-Tard has offered to purchase Casey's Shares, i.e., $36.00 per Share.

7. The term "Announcement" means the April 9, 2010 Press Release, "Alimentation Couche-Tard Proposes to Acquire Casey's General Stores for $36.00 Per Share in Cash",

included with Couche-Tard's Schedule TO (Rule 14d-100) Tender Offer Statement Under Section 14(d)(1) or 13(e)(1) of the Securities Exchange Act of 1934 ("Schedule TO-C"), filed with the SEC on April 9, 2009.

    8.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

    9.    The term "document" has the widest meaning accorded to it under Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all paper, film, tape, or other material upon which any verbal, graphic, or pictorial information or image may be written, printed, typed, drawn, punched, produced, or reproduced in any fashion including, but not limited to, all correspondence, memoranda, interoffice and intra-office communications, notes, agreements, contracts, charts, quotations, accounting records, audit work papers, worksheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgments, purchase orders, invoices, canceled and uncanceled checks or drafts, studies, records, reports, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, voicemail messages, photocopies and computer-sorted or computer-retrievable information, computer printouts, discs, tapes, e-mail and programs or other data compilations from which information can be obtained or translated into usable form.  This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments, or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary or preparatory material, from whatever source, underlying, supporting, or used in the preparation of any document.  A draft or nonidentical copy is a separate document within the meaning of this term.  "Document"

also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

10. "Describe in detail" means that you are requested to state and describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act, omission, event, date and/or legal contention pertaining to the matter(s) inquired of in the Interrogatories.

11. The term "identify" means:

(a) as applied to a natural person, to state the person's full name, title, present or last known address and telephone number, present or last known employer, and present or last known business address and telephone number;

(b) as applied to a business entity, to state the entity's full name and present or last known business address and telephone number;

(c) as applied to an oral communication, to state the time, date and place of such communication, whether it was in person or by some other means, the identity of each person who was present or who participated in such communication, and the substance of the communication; and

(d) as applied to a document, to state the type of document, the date of the document, the names of the individuals who drafted, authored or signed the document, the names of the individuals to whom the document or a copy thereof was addressed or sent, the substance of the document, the present whereabouts of the document, and the name and address of the custodian of the document.

12. The term "including" means including but not limited to.

13. The term "person" means any natural person or any business, legal, governmental, or nongovernmental entity, association, or organization.

-5-

14. The terms "all" and "each" shall be construed as all and each.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

16. The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgement on the part of Casey's that such definition is accurate, meaningful or appropriate for any other purpose in this action.

-6-

## **RELEVANT TIME PERIOD**

The Relevant Time Period, unless otherwise indicated, shall be from July 10, 2009 to the present, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to or subsequent to that period.

## INSTRUCTIONS FOR INTERROGATORIES

1. Each interrogatory shall be construed independently and not with reference to any other interrogatory for the purpose of limitation or exclusion.

2. If you object to any interrogatory, please state with specificity the grounds for each such objection.

3. If an interrogatory cannot be answered in full, answer to the extent possible, specifying the reason why the remainder cannot be answered and the efforts made to supply a complete answer.

4. Separate and complete responses (or, as the case may be, separate objections) are required for each interrogatory or subpart thereof.

5. These interrogatories extend to any information in your possession, custody or control, including any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

6. If you assert a claim of privilege or immunity with respect to any part of these interrogatories, state the nature and basis of the privilege or other ground asserted as justification for withholding such information.

7. These interrogatories shall be deemed continuing and require Defendants, consistent with its obligations under Fed. R. Civ. P. 26(e)(1), to promptly amend or supplement promptly your responses if you learn additional information responsive to these interrogatories between the time of the initial response to these interrogatories and the time of final judgment in this action.

## INTERROGATORIES

1. Describe in detail Couche-Tard's purchases of Casey's Shares between the dates of September 1, 2009 through April 9, 2010, including the price it paid for such shares and the purpose(s) and motivation(s) for its purchases.

**ANSWER:**

2. Describe in detail Couche-Tard's purpose(s) and motivation(s) for selling 1,975,000 Casey's Shares on April 9, 2010.

**ANSWER:**

3. Identify and describe in detail all facts and circumstances relating to each sale of Casey's Shares by Couche-Tard on April 9, 2010, including, for each such sale:

    (a) The time at which Couche-Tard consummated such sale;

    (b) The number of Casey's Shares sold at such time;

    (c) The person or persons to whom such Shares were sold;

    (d) The consideration received by Couche-Tard; and

    (e) Any contracts, agreements or understandings relating to such sale.

**ANSWER:**

4. Describe in detail any plan, strategy or course of action involving Casey's Shares discussed or considered by Couche-Tard that was (or is) designed, intended or considered likely to increase the chances of Couche-Tard consummating the Tender Offer at, near or below the Offer Price, whether or not actually undertaken.

**ANSWER:**

5. Describe in detail any plan, strategy or course of action discussed or considered by Couche-Tard and designed, intended or considered likely to affect, influence or manipulate the market price of Casey's Shares, whether or not actually undertaken.

**ANSWER:**

      Edward W. Remsburg (AT0006511)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone:  515/243-7611
Facsimile:  515/243-2149
E-mail: eremsburg@ahlerslaw.com

Robert H. Baron
J. Wes Earnhardt
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1422
Facsimile:  (212) 474-3700
Email:  rbaron@cravath.com
       wearnhardt@cravath.com

Original to:

Jay Eaton
700 Walnut, Suite 1600
Des Moines, IA 50309-3899
Phone: (515) 283-3158
Fax: (515) 283-3108
je@nyemaster.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on _____.

By    ☐ U.S. Mail    ☐ Fax

     ☐ Hand Delivery    ☐ Private Carrier

     ☒ Electronically through CM-ECF / Email

Signature_____