# EXHIBIT 3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| CASEY'S GENERAL STORES, INC.,<br><br>            Plaintiff,<br><br>-against-<br><br>ALIMENTATION COUCHE-TARD INC., ACT ACQUISITION SUB, INC.,<br><br>            Defendants. | **Civil Action No. 4:10-cv-265** |

**NOTICE OF RULE 30(b)(6) DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Casey's General Stores, Inc. ("Casey's"), by and through their attorneys, will take the deposition upon oral examination of Defendant Alimentation Couche-Tard Inc. ("Couche-Tard"), before a notary public or other person authorized to administer oaths, beginning on July 21, 2010, at 9:00 a.m., at the offices of Ahlers and Cooney, P.C., 100 Court Avenue, Suite 600, Des Moines, IA 50309, or at such other time and place as agreed by counsel. The deposition will be videotaped and will be recorded by sound and stenographic means, and shall continue from day to day until completed. The testimony obtained pursuant to this Notice may be used for any and all purposes authorized under the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6), Couche-Tard is required to produce at the deposition one or more officers, directors, managing agents or other persons who will testify on its behalf regarding the matters identified below. Further, at least one week before any responsive deposition, Couche-Tard is requested to:

-2-

    (a)    identify the one or more officers, directors, managing agents, or other persons who consent to testify on Couche-Tard's behalf;

    (b)    identify the subject matter(s) on which each designee will testify; and

    (c)    confirm that all potentially responsive documents relating to such topic(s) and designee have been produced.

## **DEFINITIONS**

1. The term "Casey's" refers to Plaintiff Casey's General Stores, Inc.

2. The terms "Couche-Tard", "Defendant", "you" and "your" refer to Defendants Alimentation Couche-Tard Inc. and ACT Acquisition Sub, Inc. and any of their predecessors, successors, parents, subsidiaries, siblings, partners, affiliates, divisions, officers, directors, agents, attorneys, employees, consultants or representatives.

3. The terms "Casey's Shares" and "Shares" means Casey's common shares, ordinary shares, any option in such shares and any other type of security or instrument representing an equity or debt position in Casey's, including any shares traded under the ticker symbol CASY on the NASDAQ Stock Market and any derivative instrument the owner of which owns a beneficial or economic interest equivalent to an equity position in Casey's.

4. The term "Tender Offer Statement" means the Offer to Purchase for Cash All Outstanding Shares of Common Stock (Including the Associated Preferred Stock Purchase Rights) of Casey's General Stores, Inc. at $36 Net Per Share by ACT Acquisition Sub, Inc., Exhibit (a)(1)(A) to Couche-Tard's Schedule TO (Rule 14d-100) Tender Offer Statement Under Section 14(d)(1) or 13(e)(1) of the Securities Exchange Act of 1934 ("Schedule TO"), filed with the Securities and Exchange Commission ("SEC") on June 2, 2010.

5. The term "Tender Offer" means Couche-Tard's offer to purchase all outstanding Casey's Shares and Rights (as that term is defined in Couche-Tard's Tender Offer Statement) pursuant to the terms and conditions stated in Couche-Tard's Tender Offer Statement.

6. The term "Offer Price" means the price at which Couche-Tard has offered to purchase Casey's Shares, i.e., $36.00 per Share.

7. The term "Announcement" means the April 9, 2010 Press Release, "Alimentation Couche-Tard Proposes to Acquire Casey's General Stores for $36.00 Per Share in Cash",

included with Couche-Tard's Schedule TO (Rule 14d-100) Tender Offer Statement Under Section 14(d)(1) or 13(e)(1) of the Securities Exchange Act of 1934 ("Schedule TO-C"), filed with the SEC on April 9, 2009.

8. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. The term "document" has the widest meaning accorded to it under Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all paper, film, tape, or other material upon which any verbal, graphic, or pictorial information or image may be written, printed, typed, drawn, punched, produced, or reproduced in any fashion including, but not limited to, all correspondence, memoranda, interoffice and intra-office communications, notes, agreements, contracts, charts, quotations, accounting records, audit work papers, worksheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, spreadsheets, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgments, purchase orders, invoices, canceled and uncanceled checks or drafts, studies, records, reports, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, voicemail messages, photocopies and computer-sorted or computer-retrievable information, computer printouts, discs, tapes, e-mail and programs or other data compilations from which information can be obtained or translated into usable form.  This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments, or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary or preparatory material, from whatever source, underlying, supporting, or used in the preparation of any document.  A draft or nonidentical copy is a separate document within the meaning of this term.  "Document"

also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

    10.    The term "identify" means:

    (a)    as applied to a natural person, to state the person's full name, title, present or last known address and telephone number, present or last known employer, and present or last known business address and telephone number;

    (b)    as applied to a business entity, to state the entity's full name and present or last known business address and telephone number;

    (c)    as applied to an oral communication, to state the time, date and place of such communication, whether it was in person or by some other means, the identity of each person who was present or who participated in such communication, and the substance of the communication; and

    (d)    as applied to a document, to state the type of document, the date of the document, the names of the individuals who drafted, authored or signed the document, the names of the individuals to whom the document or a copy thereof was addressed or sent, the substance of the document, the present whereabouts of the document, and the name and address of the custodian of the document.

    12.    The term "including" means including but not limited to.

    13.    The term "person" means any natural person or any business, legal, governmental, or nongovernmental entity, association, or organization.

    14.    The terms "all" and "each" shall be construed as all and each.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

16. The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgement on the part of Casey's that such definition is accurate, meaningful or appropriate for any other purpose in this action.

**SUBJECT MATTERS OF INQUIRY**

1. Couche-Tard's purchase of Casey's Shares between September 1, 2009 and April 9, 2010, including Couche-Tard's purpose, motivation, justification, authorization or approval of such purchases.

2. The transaction described as follows on page 31 of Couche-Tard's Tender Offer Statement: "On April 9, 2010, Couche-Tard sold 1,975,00 Shares at a price of $38.43 per Share in an open market sale, which includes Shares which were purchased prior to April 1, 2010", including Couche-Tard's purpose, motivation, justification, authorization or approval of such transaction.

3. The facts and circumstances relating to each sale of Casey's Shares by Couche-Tard on April 9, 2010, including, for each such sale, the facts and circumstances relating to:

    (a) The time at which Couche-Tard consummated such sale;

    (b) The number of Casey's Shares sold at such time;

    (c) The person or persons to whom such Shares were sold;

    (d) The consideration received by Couche-Tard; and

    (e) Any contracts, agreements or understandings relating to such sale.

4. Any plans, strategies or courses of action intended, designed, anticipated or expected to affect, influence or manipulate the market price of Casey's Shares, whether or not actually undertaken.

5. Any plans, strategies or courses of action concerning Casey's Shares intended, designed, anticipated or expected to increase the chances of Couche-Tard consummating the Tender Offer at, near or below the Offer Price, whether or not actually undertaken.

6. Whether Couche-Tard intends to complete the Tender Offer.

7. Couche-Tard's means or ability to purchase securities to complete the tender offer.

        Edward W. Remsburg (AT0006511)
        AHLERS & COONEY, P.C.
        100 Court Avenue, Suite 600
        Des Moines, Iowa 50309-2231
        Telephone: 515/243-7611
        Facsimile: 515/243-2149
        E-mail: eremsburg@ahlerslaw.com

        Robert H. Baron
        J. Wes Earnhardt
        Cravath, Swaine & Moore LLP
        Worldwide Plaza
        825 Eighth Avenue
        New York, NY 10019
        Telephone: (212) 474-1422
        Facsimile: (212) 474-3700
        Email: rbaron@cravath.com
               wearnhardt@cravath.com

Original to:

Jay Eaton
700 Walnut, Suite 1600
Des Moines, IA 50309-3899
Phone: (515) 283-3158
Fax: (515) 283-3108
je@nyemaster.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on _____.

By    ☐ U.S. Mail      ☐ Fax

       ☐ Hand Delivery      ☐ Private Carrier

       ☒ Electronically through CM-ECF / Email

Signature_____