IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CASEY'S GENERAL STORES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALIMENTATION COUCHE-TARD, INC. and ACT ACQUISITION SUB, INC., <br><br> Defendants. <br> _____ <br> ALIMENTATION COUCHE-TARD, INC. and ACT ACQUISITION SUB, INC., <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> CASEY'S GENERAL STORES, INC., <br><br> Counterclaim Defendant, <br><br> and <br><br> ROBERT J. MYERS, KENNETH HAYNIE, WILLIAM C. KIMBALL, JOHNNY DANOS, DIANE C. BRIDGEWATER, JEFFREY M. LAMBERTI, RICHARD A. WILKEY and H. LYNN HORAK, <br><br> Additional Counterclaim Defendants. | No. 4:10-cv-00265-JAJ <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **ORDER** |

      This matter comes before the court pursuant to plaintiff's June 18, 2010, Motion for Expedited Discovery and an Expedited Schedule [Dkt. 10] and defendants' July 6, 2010, Motion for Extension of Time to Resist Motion for Preliminary Injunction [Dkt. 27]. The court held a status conference on the motion for expedited discovery on June 23, 2010, at

which all parties were represented by counsel of record.

In its motion, Casey's suggests a reasonable schedule for discovery on issues relating to the requested injunction. The defendants did not take exception to the requested deadlines but suggested that the parties could work out any remaining issues, including any need for expert testimony. The defendants contend that a preliminary injunction hearing will be unnecessary because their only available avenue for a successful tender offer will require the unseating of the current Casey's board of directors at Casey's September annual meeting.

The court has reviewed plaintiff's proposed discovery requests. While the court is obviously not ruling at this point on any discovery dispute, the court simply notes that the discovery requests appear to be appropriately limited and targeted towards issues relating to the application for preliminary injunction. Discovery shall proceed.

As noted above, the parties dispute whether there may be a need for a preliminary injunction hearing. It may not be necessary. However, the court will set a hearing on the motion so that all parties can be ready in the event one is required.

Upon the foregoing,

**IT IS ORDERED** that any hearing on plaintiff's application for preliminary injunction shall be held on **Monday, August 23, 2010, at 9:00 a.m.** at the federal courthouse in Des Moines, Iowa. The parties shall complete discovery on any issue relating to the application for preliminary injunction by **August 16, 2010**. The defendants shall respond to the application for preliminary injunction by **July 14, 2010**.

**DATED** this 7th day of July, 2010.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA